Karen S. Monrreal
Law Offices of Karen S. Monrreal
601 S. Arlington Ave.
Reno, NV 89509
karen@monrreallaw.com
775.826.2380 o
775.826.2386 f

*Attorney for Petitioner-Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Ma G. Cruz De La Cruz,<br><br>Plaintiff,<br><br>vs.<br><br>United States Department of Homeland Security, *et al.,*<br><br>Defendants. | Case No.: 3:26-cv-00116-ART-CSD<br><br>**PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Ma G. Cruz de la Cruz, by and through her undersigned counsel, hereby submits this Opposition to Federal Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

## I. INTRODUCTION

Defendants characterize this action as an attempt to obtain district-court review of USCIS's discretionary decision whether to grant adjustment of status. That characterization does not fully account for the claims pleaded or the basis of USCIS's decision.

USCIS denied Plaintiff's application because it concluded that she had not established that she had been inspected and admitted or paroled into the United States as required by 8 U.S.C. § 1255(a). The Complaint challenges the manner in which USCIS reached that determination,

including its treatment of Plaintiff's claimed 2001 wave-through admission and, separately, her August 1, 2024 parole entry. USCIS acknowledged the 2024 parole stamp but concluded that Plaintiff had not established that she possessed advance parole before leaving the United States. Plaintiff alleges that USCIS itself had approved her Form I-131 and issued advance-parole authorization before that departure.

Plaintiff recognizes the substantial jurisdictional limitations imposed by 8 U.S.C. § 1252(a)(2)(B)(i). *Patel v. Garland*, 596 U.S. 328 (2022), establishes that the statute reaches factual determinations underlying adjustment of status, and *Nakka v. U.S. Citizenship & Immigration Services*, 111 F.4th 995 (9th Cir. 2024), applies that jurisdictional bar to individual adjustment decisions made by USCIS outside removal proceedings. *Garcia v. United States Citizenship & Immigration Services*, 146 F.4th 743 (9th Cir. 2025), further forecloses an applicant from avoiding the bar merely by characterizing a challenge to an individual denial as collateral.

However in this matter, Plaintiff does not ask this Court to reweigh the evidence or decide whether she should be granted adjustment of status. Instead the Complaint alleges procedural defects in USCIS's adjudication, including its treatment of evidence requested and submitted during the adjudication and its handling of the agency-issued documentation relating to Plaintiff's 2024 parole entry. As well as USCIS failure to follow its own policy. Those allegations should be considered on their own terms rather than treated as a request for the Court to substitute its judgment for that of USCIS.

If the Court concludes that the jurisdictional bar nevertheless encompasses the APA claims as presently pleaded, dismissal should be without prejudice. The Ninth Circuit continues to recognize a distinction between review of the merits of a discretionary immigration

determination and a colorable constitutional challenge to the procedures employed by the agency. *Chairez v. Mayorkas*, 168 F.4th 1227, 1237–40 (9th Cir. 2026). Plaintiff should therefore be permitted to amend if the Court determines that her procedural allegations cannot proceed in their present form.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed Form I-485 seeking adjustment of status under 8 U.S.C. § 1255(a). She asserted that she had entered the United States through the San Ysidro Port of Entry on July 19, 2001, after presenting herself for inspection and being permitted to enter by an immigration officer. She supported that account with declarations and other evidence.

While that application was pending, USCIS approved Plaintiff's Form I-131 and issued her advance-parole authorization. Plaintiff departed for Mexico on July 18, 2024 and returned on August 1, 2024. Upon her return, she was paroled into the United States, and her passport bears the corresponding parole stamp.

USCIS nevertheless denied the I-485 on February 25, 2025. With respect to the 2001 entry, USCIS relied heavily upon the absence of a DHS record documenting admission. With respect to the 2024 entry, USCIS acknowledged the August 1, 2024 parole stamp but concluded that Plaintiff had failed to establish that she possessed advance parole before departing the United States. The Complaint alleges that Plaintiff had submitted her advance-parole documentation and that USCIS's conclusion was contrary to the record.

Plaintiff thereafter sought administrative review through Form I-290B. USCIS denied that request on October 20, 2025. Id. This action followed.

## III. ARGUMENT

### a. Section 1252(a)(2)(B)(i) Does Not Categorically Bar Plaintiff's Claims

Defendants argue that § 1252(a)(2)(B)(i) bars this action because USCIS denied Plaintiff's application for adjustment of status. ECF No. 10 at 4–6. But the fact that this case involves an I-485 does not resolve the jurisdictional issue.

In *Patel*, the Supreme Court held that § 1252(a)(2)(B)(i) bars review of factual findings underlying an adjustment determination. 596 U.S. at 338–39. *Nakka* extended that holding to an individual adjustment decision made by USCIS outside removal proceedings. 111 F.4th at 1014–15. *Nakka*, however, did not hold that every claim involving an adjustment application is barred. The court distinguished the decision on an individual application from a challenge to agency policies or procedures. Id. at 1003–09.

*Garcia* does not require a different result simply because USCIS issued a final decision on Plaintiff's I-485. In *Garcia*, the plaintiff challenged USCIS's determination concerning his eligibility for adjustment and could not avoid § 1252(a)(2)(B)(i) by describing that challenge as collateral. 146 F.4th at 749–50. The allegations here are different. Plaintiff challenges, among other things, USCIS's handling of evidence during the adjudication itself.

USCIS asked Plaintiff to submit evidence concerning her 2001 entry. She did so. The Complaint alleges that USCIS nevertheless failed to address material evidence submitted in response to that request. The Complaint also identifies a separate problem with Plaintiff's 2024 entry. USCIS found that Plaintiff had not shown that she possessed advance parole before leaving the United States, even though USCIS had approved her Form I-131 before that departure and later paroled her into the United States.

These allegations are not answered by simply pointing to the ultimate denial of the I-485. Defendants must still establish that § 1252(a)(2)(B)(i) bars the particular claims Plaintiff has

brought. Neither *Patel* nor *Nakka* permits the Court to treat every alleged error occurring during the adjudication of an adjustment application as indistinguishable from the ultimate decision whether to grant adjustment.

**b. Plaintiff's 2024 Parole Entry Is Relevant to the Procedural Challenge**

Next, the Motion treats Plaintiff's case principally as a dispute over whether she established a wave-through admission in 2001. That is incomplete. The Complaint alleges a separate entry on August 1, 2024, after USCIS approved Plaintiff's Form I-131 and issued advance-parole authorization. Plaintiff alleges that she was paroled into the United States upon her return and submitted documentation concerning that parole during USCIS's adjudication.

USCIS acknowledged Plaintiff's August 1, 2024 parole stamp but concluded that she had failed to establish that she possessed advance parole before her departure. Plaintiff relies on that discrepancy as part of her challenge to the manner in which USCIS adjudicated the application, not as a request for this Court to independently determine her eligibility for adjustment.

This distinction is important because Plaintiff is not asking the Court to decide whether the 2024 entry satisfies § 1255(a) and order USCIS to grant adjustment. The Complaint seeks vacatur and remand. The 2024 parole allegations concern USCIS's treatment of a separate entry and agency-issued documentation and form part of the procedural allegations addressed below.

**c. The Complaint Alleges Defects in the Procedure USCIS Used to Adjudicate the Application**

The Complaint alleges that USCIS requested secondary evidence concerning Plaintiff's claimed 2001 admission, received declarations submitted in response, and then failed to meaningfully address that evidence. It further alleges that USCIS imposed evidentiary requirements inconsistent with the agency guidance governing proof of a wave-through

admission. With respect to the 2024 entry, the Complaint alleges that USCIS concluded Plaintiff had failed to establish advance parole despite the agency's approval of her Form I-131 and the parole documentation associated with her return.

Plaintiff does not rely on those allegations as a means of asking the Court to reweigh the evidence concerning the 2001 admission or to decide whether the evidence establishes eligibility for adjustment. The alleged defects concern the process USCIS used in reaching its decision.

Defendants cite *Nakka* and *Garcia* for the proposition that § 1252(a)(2)(B)(i) cannot be avoided by framing an attack on an individual adjustment denial as an APA claim. However, neither case authorizes the Court to disregard the nature of the procedural allegations actually pleaded.

The Ninth Circuit has separately addressed claims alleging constitutional defects in agency procedure. In *Poursina v. U.S. Citizenship & Immigration Services*, 936 F.3d 868, 875–76 (9th Cir. 2019), the court held that § 1252(a)(2)(B)(ii) barred review of USCIS's discretionary denial of a national-interest waiver but separately considered the applicant's procedural due-process claim concerning agency notice. The court ultimately rejected that claim on the merits. *Id.* at 876.

The Ninth Circuit recently revisited that distinction in *Chairez*. After concluding that § 1252(a)(2)(B)(ii) barred review of USCIS's discretionary waiver determination, the court held that *Poursina* controlled its treatment of a separate procedural due-process claim. 168 F.4th at 1237–40. The court ultimately found the constitutional claim before it speculative and therefore not colorable. *Id.* at 1239–40. *Chairez* thus does not create APA jurisdiction over an otherwise barred individual immigration determination, but it confirms that a challenge to agency

procedure is not necessarily identical to a request for review of the merits of the underlying discretionary decision.

The Complaint presently asserts APA claims rather than a separate constitutional cause of action. Defendants nevertheless ask the Court to dismiss "Plaintiff's constitutional claims" for failure to state a claim. ECF No. 10 at 8. There is no separate constitutional claim presently before the Court to dismiss under Rule 12(b)(6). If the Court concludes that Plaintiff's procedural allegations cannot proceed under the APA as presently pleaded, the appropriate course is to address the claims actually pleaded and permit amendment if Plaintiff can state a jurisdictionally cognizable procedural claim.

**d. Defendants' Facial Rule 12(b)(1) Motion Does Not Permit the Court to Disregard Plaintiff's Factual Allegations**

Defendants expressly characterize their motion as a facial jurisdictional challenge. ECF No. 10 at 4. In a facial attack, the Court accepts the material factual allegations of the Complaint as true. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The government nevertheless identifies Plaintiff's allegations that she was inspected and admitted or paroled and that she satisfies the requirements for adjustment as legal conclusions the Court need not accept. ECF No. 10 at 2. Plaintiff does not ask the Court to accept the ultimate conclusion that she is entitled to adjustment. The factual allegations relevant to the jurisdictional inquiry are more specific, USCIS approved advance parole; Plaintiff traveled to Mexico; she returned on August 1, 2024; her passport contains a parole stamp; and she submitted evidence concerning that entry to USCIS. Those are factual allegations, not legal conclusions.

Whether those facts ultimately establish eligibility under § 1255(a) is a merits question. The Court need not resolve it to determine whether Plaintiff has pleaded claims concerning agency conduct that fall outside the jurisdictional bar.

**e. Alternatively, Any Jurisdictional Dismissal Should Be Without Prejudice**

If the Court concludes that *Patel, Nakka,* and *Garcia* foreclose the APA claims as presently pleaded, dismissal for lack of subject-matter jurisdiction should be without prejudice. See *Hampton v. Pacific Investment Management Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017).

Plaintiff also respectfully requests leave to amend to the extent the jurisdictional deficiency can be cured by amendment. The Complaint already alleges specific defects in USCIS's treatment of evidence and agency-issued parole documentation. If the Court determines that those procedural allegations cannot proceed under the APA but could support a jurisdictionally cognizable procedural claim if separately pleaded, Plaintiff should be afforded an opportunity to amend.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss. Alternatively, if the Court concludes that the Complaint as presently pleaded does not adequately separate reviewable claims from the individualized adjustment determination barred by § 1252(a)(2)(B)(i), Plaintiff requests dismissal without prejudice and leave to amend.

Dated this 28th day of September 2026.

Respectfully submitted,

*//ss// Karen S. Monrreal*
Karen S. Monrreal, Esq.
Attorney for Plaintiff