TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar No. 12183
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Tamer.Botros@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Ma G. Cruz De La Cruz,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00116-ART-CSD<br><br>**Federal Defendants' Reply to plaintiff opposition** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff cannot escape the settled law of this circuit that there is no review over any aspect of denied discretionary adjustment of status applications, and thus she has not met her burden of proof to show that jurisdiction exists here. Here, Plaintiff attempts to (1) shift the burden of proof to Defendants, (2) reframe a threshold determination of eligibility as not covered by 8 U.S.C. § 1252(a)(2)(B)(i), and (3) pass off legal conclusions as factual allegations.

## II. Argument

### a. Plaintiff bears the burden of proof to show that there is jurisdiction over their complaint.

Plaintiff's opposition attempts to shift their burden of proof to show jurisdiction is proper to defendant to show that there is no jurisdiction. ECF No. 12 at 4. However, it is clear that

plaintiffs bear the burden of proof for establishing jurisdiction. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). "Plaintiffs bear the burden both of making an initial, prima facie showing of jurisdictional facts at the pleading stage". *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (holding that a party opposing a motion to dismiss "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction").

**b. Contrary to the plaintiff's argument in their opposition, plaintiff's request for the district court to review USCIS factual findings and legal determination regarding her alleged July 19, 2001, entry to the United States is precisely the type of judgement barred by 8 USC § 1252(a)(2)(B)(i).**

In her opposition, Plaintiff attempts to reframe her disagreement with USCIS determination that she was not inspected or admitted and paroled as somehow outside the ambit of 8 U.S.C. § 1252(a)(2)(B)(i). ECF No. 12 at 5-6. However, 8 U.S.C. § 1252(a)(2)(B) states that "Notwithstanding any other provision of law (statutory or nonstatutory). . . . no court shall have jurisdiction to review. . . . (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." Here, USCIS's determination that the plaintiff did not meet her burden or proof to show she was inspected and admitted or paroled at the time of her application for adjustment of status is a "judgment regarding the granting of relief under section 1255." ECF No. 12 at 2. The Ninth Circuit has repeatedly held that section 1252(a)(2)(B)(ii)'s jurisdiction-stripping authority should be read expansively. *Chairez v. Mayorkas*, 168 F.4th 1227, 1231–32 (9th Cir. 2026) (noting the distinction between the APA's discretionary exception, which favors judicial review, and the "expansive jurisdiction-stripping wording in § 1252(a)(2)(B)(ii)").

Plaintiff's attempts to reframe her complaint as "procedural allegations" should be rejected. *Mullin v. Doe*, 609 U.S. 324, 146 S. Ct. 2121, 2136 (2026) ("challengers cannot avoid a judicial-review bar by creative pleading or clever lawyering"). ECF No. 12 at 6. Regarding characterizations to the contrary, Plaintiff is in fact asking the court to read USCIS decision and find its factual and legal conclusions erroneous. ECF No. 12 at 2-6.

Even if the plaintiff could locate any "procedural claims", such claims would be channeled to the circuit court on a petitioner for review through immigration court. ECF No. 12 at 5. The Ninth Circuit has repeatedly held that all claims including constitutional claims arising from USCIS decisions are channeled through the petition for review process by 8 U.S.C. § 1252(a)(2)(D) which applies to both 1252(a)(2)(B)(i) and (ii) states:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D). In *Chairez*, 168 F.4th at 1238, the Ninth Circuit observed "[a]s in Garcia, we held in *Nakka* that, because of the channeling aspects of § 1252(a)(2), the plaintiffs could not obtain judicial review in district court of the agency's denial of an immigration benefit; ordinary challenges to the denial of discretionary relief must proceed through a petition for review." *See also id.* at 1235; *Garcia v. United States Citizenship and Immigr. Servs.*, 146 F.4th 743, 748 (9th Cir. 2025) ("If a claim falls within § 1252(a)(2)(B)(i), district courts lack jurisdiction to resolve it, and the claim may be advanced only through the petition for review process in 8 U.S.C. § 1252(a)(2)(D)); *Nakka v. United States Citizenship and Immigr. Servs.*, 111 F.4th 995, 999 (9th Cir. 2024) ("we agree with the Government that § 1252(a)(2)(B)(i) and (D) channel review of her legal and constitutional challenges to that denial into a petition for review from a final order of removal.").

Similarly, plaintiff has pointed to no due process issue. Rather, she simply disagrees with a USCIS factual and legal determination. ECF No. 12 at 6.

**c. This court is not required to accept the plaintiff's legal conclusions even when they are presented as factual allegations.**

The court is not required to accept the plaintiff's legal conclusion that a grant of advance parole after she filed the application retroactively satisfies the eligibility requirement of admission or parole rendering her eligible to adjust status under 8 U.S.C. §1255(a) (laying out the requirements of adjustment of status). ECF No. 1 at ¶ 28; ECF No. 12 at 1-4, 7. Rather than a factual pleading, this is an erroneous legal argument. To the contrary "[a]n

applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication." 8 C.F.R. § 103.2(b)(1); *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (Noting regarding facial attacks, "[w]hile we do accept all of the factual allegations in the complaint as true, we do not accept legal conclusions in the complaint as true, even if cast in the form of factual allegations.") (internal citations and quotations omitted).

## V. CONCLUSION

For the reasons pointed out in defendant's motion, the Court should grant Federal Defendants' motion and dismiss this matter for lack of subject-matter jurisdiction. Plaintiff's constitutional claims also should be dismissed for failure to state a claim.

Respectfully submitted this 9th day of October 2026.

TODD BLANCHE
United States Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Tamer B. Botros*
TAMER B. BOTROS
Assistant United States Attorney